**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Michael Iheanacho,<br><br>Plaintiff,<br><br>v.<br><br>Brenden Adam Sizemore and<br>New Prime Inc.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CA No.: 2:26-cv-05580-BHH**<br><br>**NOTICE OF REMOVAL** |

Defendants Brenden Adam Sizemore ("Sizemore") and New Prime Inc. ("New Prime") (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the above-captioned action from the Court of Common Pleas for Colleton County, South Carolina, to the United States District Court for the District of South Carolina, Charleston Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and give notice of the same to Plaintiff Michael Iheanacho ("Plaintiff") and to this Court. In support of removal, Defendants state as follows:

## I. PROCEDURAL BACKGROUND AND TIMELINESS

1. This action was commenced on October 6, 2026, when Plaintiff filed his Summons and Complaint in the Court of Common Pleas for Colleton County, South Carolina, captioned *Michael Iheanacho v. Brenden Adam Sizemore and New Prime Inc.*, C/A No. 2026-CP-15-00822 (the "State Court Action").

2. New Prime was served with the Summons and Complaint on October 21, 2026 via the undersigned attorney. Sizemore has not been served with process but joins in this Notice. This Notice of Removal is filed within thirty (30) days of service of the Summons and Complaint on each Defendant and is therefore timely under 28 U.S.C. § 1446(b).

3. Sizemore and New Prime are the only defendants named in the State Court Action, and both join in this Notice of Removal. Accordingly, all defendants who have been properly joined and served consent to the removal of this action as required by 28 U.S.C. § 1446(b)(2)(A).

4. Before filing this Notice of Removal, Defendants did not file an answer or other responsive pleading in the State Court Action.

5. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants in the State Court Action, including the Summons, the Complaint, and the discovery requests served with them, are attached hereto as **Exhibit A**.

6. Pursuant to Local Civ. Rule 26.01 (D.S.C.), Defendants are filing their Answers to Local Civil Rule 26.01 Interrogatories at the same time as this Notice of Removal.

7. Promptly after filing this Notice of Removal, Defendants will serve written notice of the removal on Plaintiff's counsel and will file a copy of this Notice of Removal with the Clerk of Court for Colleton County, South Carolina, in accordance with 28 U.S.C. § 1446(d) and Local Civ. Rule 83.IV.01 (D.S.C.).

8. This Notice of Removal is signed in accordance with Rule 11 of the Federal Rules of Civil Procedure.

9. By filing this Notice of Removal, Defendants do not waive, and expressly reserve, all defenses, objections, and motions, including but not limited to those under Rule 12(b) of the Federal Rules of Civil Procedure.

## II. VENUE AND DIVISION

10. Removal to this Court is proper under 28 U.S.C. § 1441(a) because the State Court Action is pending in Colleton County, South Carolina, which lies within the Charleston Division of the District of South Carolina. 28 U.S.C. § 121(1). Assignment to the Charleston Division is

also proper under Local Civ. Rule 3.01(A)(1) (D.S.C.) because the events giving rise to Plaintiff's claims allegedly occurred on Interstate 95 in Colleton County. Compl. ¶¶ 6, 8.

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

11. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of different States in which the amount in controversy exceeds $75,000, exclusive of interest and costs. The action is therefore removable under 28 U.S.C. § 1441(a).

### A. Complete Diversity of Citizenship

12. **Plaintiff.** Plaintiff alleges that he "is a resident and citizen of Florida." Compl. ¶ 1. Plaintiff is therefore a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

13. **Sizemore.** Sizemore is, and was at the time the State Court Action was commenced and at the time of removal, a citizen of the State of Oklahoma, where he is domiciled. *See* Compl. ¶ 2 (alleging that Sizemore "is and has been a resident and citizen of the state of Oklahoma").

14. **New Prime.** For diversity purposes, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," the place where its high-level officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

15. New Prime is, and was at the time the State Court Action was commenced and at the time of removal, a corporation organized under the laws of the State of Nebraska.

16. New Prime's principal place of business, where its officers direct, control, and coordinate its activities, is its corporate headquarters at 2740 North Mayfair Avenue, Springfield,

Missouri 65803. *See also* Compl. ¶ 3 (alleging that New Prime's principal place of business is in Missouri).

17. Because Plaintiff is a citizen of Florida and Defendants are citizens of Oklahoma and Nebraska/Missouri, complete diversity of citizenship exists, both at the time the State Court Action was commenced and at the time of removal. Further, because no Defendant is a citizen of South Carolina, the forum-defendant rule of 28 U.S.C. § 1441(b)(2) does not bar removal.

**B. Amount in Controversy**

18. A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Because the Complaint does not demand a specific sum, Defendants may assert the amount in controversy in this Notice. *See* 28 U.S.C. § 1446(c)(2).

19. Plaintiff's Complaint seeks compensatory, consequential, and punitive damages "in an amount the jury determines appropriate at trial," together with costs, attorney's fees, and pre- and post-judgment interest. Compl., Prayer for Relief.

20. Plaintiff alleges that Sizemore was operating a commercial motor vehicle on Interstate 95 and that the vehicle "crossed onto the shoulder and struck Plaintiff's vehicle" while it was stopped on the right-hand shoulder. Compl. ¶¶ 8–11. Plaintiff alleges that he "was injured and underwent medical treatment" as a result, *id.* ¶ 12, and he seeks damages for past and future medical expenses, physical pain and suffering, emotional distress and anxiety, mental anguish, loss of enjoyment of life, and property damage. *Id.* ¶¶ 17, 24.

21. Plaintiff also seeks punitive damages against both Defendants under each of his five causes of action. *Id.* ¶¶ 19, 26, 30, 36, 44. He alleges that Sizemore's conduct was "grossly negligent, careless, reckless, willful, and wanton" and showed that Sizemore was "consciously

indifferent" to Plaintiff's health, rights, and safety, *id.* ¶¶ 19, 23, 26, and that New Prime was "negligent, careless, reckless, wanton, willful, and grossly negligent" in hiring, training, supervising, or retaining Sizemore, ¶ 32. Where punitive damages are recoverable under the governing state law, they are properly considered in determining the amount in controversy. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943). South Carolina law permits an award of punitive damages upon clear and convincing evidence of willful, wanton, or reckless conduct, S.C. Code Ann. § 15-33-135, and permits such awards up to the greater of three times the compensatory damages awarded or $500,000. S.C. Code Ann. § 15-32-530(A).

23. Taken together, Plaintiff's allegations of personal injury requiring medical treatment, past and future medical expenses, pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, and property damage, together with his demand for punitive damages against both Defendants, establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants deny that Plaintiff is entitled to recover any damages; Defendants' allegations regarding the amount in controversy address only what Plaintiff has placed in controversy, not what he may recover.

## IV. CONCLUSION

24. Because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, this Court has jurisdiction under 28 U.S.C. § 1332(a), and the action is properly removed under 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Defendants Brenden Adam Sizemore and New Prime Inc. respectfully give notice that the above-captioned action, now pending in the Court of Common Pleas for Colleton County, South Carolina, C/A No. 2026-CP-15-00822, is removed to the United States

District Court for the District of South Carolina, Charleston Division, and request that this Court assume jurisdiction over this action as provided by law.

Respectfully submitted,

s/ C. Fredric Marcinak
C. Fredric Marcinak (Fed. Bar No. 9816)
Cole J. Goode (Fed. Bar No. 14191)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025
(864) 248-6035 (Fax)
Fred.Marcinak@momarlaw.com
Cole.Goode@momarlaw.com
*Attorneys for Defendants Brenden Adam Sizemore and New Prime Inc.*

November 10, 2026