# EXHIBIT A

ELECTRONICALLY FILED - 2026 Oct 06 3:51 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500822

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF COLLETON** | |
| MICHAEL IHEANACHO, Plaintiff, | **SUMMONS** (Jury Trial Demanded) |
| vs. | |
| BRENDEN ADAM SIZEMORE AND NEW PRIME INC., Defendants. | |

**TO THE DEFENDANT ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

**MORGAN & MORGAN, P.A.**
By: /s/Jonathan Graham
Jonathan D. Graham
Bar No. 105763
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Counsel for Plaintiff*

Charleston, SC

October 6, 2026.

ELECTRONICALLY FILED - 2026 Oct 06 3:51 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500822

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF COLLETON** | |
| MICHAEL IHEANACHO, Plaintiff, | **COMPLAINT** (Jury Trial Demanded) |
| vs. | |
| BRENDEN ADAM SIZEMORE AND NEW PRIME INC., Defendants. | |

Plaintiff Michael Iheanacho, by and through his undersigned attorney, complains of Defendants and alleges as follows:

**Parties, Venue, and Jurisdiction**

1. Plaintiff Michael Iheanacho ("Plaintiff") was injured in the crash that is the subject of this action (the "Crash"). Plaintiff is a resident and citizen of Florida.

2. Defendant Brenden Adam Sizemore ("Defendant Driver") was driving the vehicle that smashed into Plaintiff and caused Plaintiff's injuries in the Crash. Upon information and belief, Defendant Driver is and has been a resident and citizen of the state of Oklahoma.

3. Defendant New Prime Inc., ("Defendant Company") is incorporated and has its principal place of business in Missouri.

4. Upon information and belief, at the time of the crash, Defendant Driver was an agent of Defendant Company in the course and scope of that agency.

5. On February 13, 2026, at the time of the Crash, Defendant Company was a for-hire motor carrier, operating the commercial vehicle involved in this wreck through its agent Defendant Driver, carrying goods for compensation in interstate commerce.

6. Venue is proper in Colleton County because the acts and omissions giving rise to this cause of action took place in Colleton County, as further shown below.

ELECTRONICALLY FILED - 2026 Oct 06 3:51 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500822

7. This Court has personal jurisdiction over the parties and subject matter jurisdiction over the issues involved in this case.

**General Factual Allegations**

8. On February 13, 2026, Defendant Driver was operating a commercial motor vehicle on Interstate 95 (I-95) in Colleton County, South Carolina.

9. Defendant Driver and Plaintiff were both traveling north on I-95 on that day.

10. Due to trouble with his vehicle, Plaintiff pulled his vehicle entirely into the right-hand shoulder.

11. Defendant Driver, traveling in the righthand lane, chose not to maintain his lane of travel when approaching Plaintiff's vehicle, which was lawfully and safely parked within the confines of the righthand shoulder. Defendant Driver's commercial motor vehicle crossed onto the shoulder and struck Plaintiff's vehicle.

12. As a result of Defendant Driver's negligence, Plaintiff was injured and underwent medical treatment.

**FOR A FIRST CAUSE OF ACTION**
(Negligence *per se* Defendant Driver)

13. Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

14. Defendant Driver owed Plaintiff statutory duties, including the duty to operate his vehicle as a reasonable and prudent person without colliding with other vehicles on the road and to maintain his lane of travel. *See, e.g.*, S.C. Code Ann. § 56-5-1900(a).

15. Defendant Driver's violation of his statutory duties constitutes negligence *per se.*

16. Defendant Driver's breach of his statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to compensatory, consequential, and punitive damages.

17. Defendant Driver's violations of his statutory duties caused Plaintiff's damages, including but not limited to the following:

ELECTRONICALLY FILED - 2026 Oct 06 3:51 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500822

a. Past and future medical expenses,

b. Emotional distress and anxiety,

c. Physical pain and suffering,

d. Mental anguish,

e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing, and

f. Other damages as will be shown in the discovery and trial of this case.

18. Because Plaintiff was injured as a direct result of Defendant Driver's violations of his statutory duties described above, Plaintiff is entitled to compensatory and consequential damages for personal injuries and property damage in the amount the jury determines at the trial of this case.

19. Defendant Driver's statutory violations also demonstrate such want of care as to show Defendant Driver was consciously indifferent to the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant Driver violated. Plaintiff also requests appropriate costs, attorney fees, and interest.

**<u>FOR A SECOND CAUSE OF ACTION</u>**
(Negligence as to Defendant Driver)

20. Plaintiff incorporates the foregoing paragraphs as if fully repeated verbatim here.

21. Defendant Driver owed Plaintiff a common-law duty to do the following:

a. Keep a proper lookout,

b. Maintain appropriate attention on the road while driving,

c. Maintain his vehicle in a roadworthy manner,

d. Operate his vehicle in a safe manner and at a safe speed, and

e. Drive in a reasonably careful manner with respect for the rights and safety of others such as Plaintiff.

ELECTRONICALLY FILED - 2026 Oct 06 3:51 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500822

22. Defendant Driver breached his duty to Plaintiff in one or more of the following ways:

a. Failing to keep a proper lookout,

b. Driving while distracted,

c. Failing to observe Plaintiff's vehicle,

d. Driving in an unreasonable and careless manner without thought for the rights and safety of others, including Plaintiff, as shall be further shown in the discovery and trial of this case.

23. Defendant Driver's breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

24. Defendant Driver's negligent, grossly negligent, careless, reckless, willful, and wanton breach of his duty directly and proximately caused Plaintiff's injuries and Plaintiff's medical treatment. As a direct result of Defendant Driver's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

a. Past and future medical expenses,

b. Personal property damage,

c. Emotional distress and anxiety,

d. Physical pain and suffering,

e. Mental anguish,

f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing, and

g. Other damages as will be shown in the discovery and trial of this case.

25. Because Plaintiff were injured as a direct result of Defendant Driver's acts and omissions described above, Plaintiff is entitled to compensatory and consequential damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

26. Defendant Driver's acts and omissions demonstrate such want of care as to show Defendant Driver was consciously indifferent both to the consequences of his acts and omissions and

ELECTRONICALLY FILED - 2026 Oct 06 3:51 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500822

to the health, safety, and rights of Plaintiff's and others. Thus, in addition to Plaintiff's compensatory damages, Defendant Driver should also pay punitive damages in the amount the jury determines appropriate to punish Defendant Driver for his reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff private rights which Defendant Driver violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines they are entitled.

**FOR A THIRD CAUSE OF ACTION**

(Vicarious Liability as to Defendant Company)

27. Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

28. At the time of the Crash, Defendant Driver was acting as agent on behalf of Defendant Company.

29. Defendant Company, acting through its agent, is therefore vicariously liable for the negligent, careless, reckless, wanton, willful, and grossly negligent acts of Defendant Driver as set forth in the first and second causes of action.

30. Plaintiff thus asks this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**FOR A FOURTH CAUSE OF ACTION**

(Negligent Hiring, Training, Supervision, and Retention as to Defendant Company)

31. Plaintiff incorporates the foregoing paragraphs as if fully repeated here.

32. Defendant Company was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining Defendant Driver to operate a vehicle on Defendant Company's behalf in one or more of the following ways:

a. Failing to review Defendant Driver's driving history;
b. Failing to assess Defendant Driver's driving skill;
c. Hiring Defendant Driver to drive on Defendant Company's behalf despite Defendant Driver's history of unsafe driving;
d. Failing to have policies and procedures to train or monitor Defendant Driver, or

ELECTRONICALLY FILED - 2026 Oct 06 3:51 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500822

if such policies and procedures were in place, failing to enforce them;

e. Failing to ensure Defendant Driver had proper training and experience to operate a vehicle for Defendant Company in a safe and effective manner; and

f. Otherwise failing to investigate Defendant Driver's skill and history with a vehicle, train Defendant Driver in proper driving procedures, supervise Defendant Driver's driving, to release Defendant Driver from employment due to safety issues, or otherwise act as a reasonable employer would under the same or similar circumstances.

33. Defendant Company knew or should have known that hiring, training, supervising, or retaining Defendant Driver posed a risk of foreseeable harm to third parties.

34. Defendant Company's breach of its duty constitutes an independent negligent action which proximately caused harms to Plaintiff as set forth in the first and second causes of action.

35. Thus, in addition to being vicariously liable for the harm Defendant Driver caused, Defendant Company is also independently liable for those harms, as its own negligence also proximately caused those harms.

36. Plaintiff thus asks this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**FOR A FIFTH CAUSE OF ACTION**

(Negligent Selection of an Independent Contractor as to Defendant Company)

37. Plaintiff incorporates the foregoing paragraphs as if repeated verbatim here.

38. In the alternative, Defendant Driver may have been an independent contractor of Defendant Company.

39. Defendant Company owed Plaintiff a duty to exercise reasonable care in selecting an independent contractor who was suitably competent and careful given the risk of harm associated with operating a commercial motor vehicle on public roadways.

40. The risk of harm associated with operating a commercial motor vehicle on public roadways is significant.

ELECTRONICALLY FILED - 2026 Oct 06 3:51 PM - COLLETON - COMMON PLEAS - CASE#2026CP1500822

41. Defendant Company breached its duty of care in selecting an independent contractor because it knew or should have known that Defendant Driver was not suitably competent and careful given the significant risk of harm associated with operating a commercial motor vehicle on public roadways.

42. Defendant Company's negligent selection of Defendant Driver also proximately caused Plaintiff's harms as set forth in the first and second causes of action.

43. Defendant Company is therefore independently liable for the harms it caused to Plaintiff through its negligent selection of Defendant Driver.

44. Plaintiff thus asks this Court to enter judgment ordering Defendant Company to pay compensatory, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to order the payment of compensatory, consequential, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

**DEFENDANTS AND THEIR ATTORNEY ARE ADVISED THAT PLAINTIFF HAS SERVED DISCOVERY REQUESTS WITH THIS SUMMONS AND COMPLAINT, INCLUDING INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS TO ADMIT. RESPONSES TO THESE DISCOVERY REQUESTS ARE DUE WITHIN 45 DAYS PER THE SOUTH CAROLINA RULES OF CIVIL PROCEDURE. IF DEFENSE COUNSEL LACKS COPIES OF ANY DISCOVERY REQUEST, CONTACT PLAINTIFF'S COUNSEL.**

**MORGAN & MORGAN, P.A.**
By: /s/Jonathan Graham
Jonathan D. Graham
Bar No. 105763
E-Mail: jgraham@forthepeople.com
4401 Belle Oaks Drive, Suite 300,
North Charleston, SC 29405
(843) 947-6063
*Counsel for Plaintiff*

Charleston, SC

October 6, 2026.