**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Michael Iheanacho,<br><br>Plaintiff,<br><br>v.<br><br>Brenden Adam Sizemore and<br>New Prime Inc.,<br><br>Defendants. | ) | **CA No.:** 2:26-cv-05580-BHH<br><br>**DEFENDANTS BRENDEN ADAM SIZEMORE AND NEW PRIME INC.'S ANSWERS TO LOCAL CIVIL RULE 26.01 INTERROGATORIES** |

Defendants Brenden Adam Sizemore ("Sizemore") and New Prime Inc. ("New Prime") (collectively, "Defendants"), by and through their undersigned counsel, respond to the interrogatories set forth in Local Civ. Rule 26.01 (D.S.C.) as follows:

(A) State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.

**RESPONSE: None known to Defendants.**

(B) As to each claim, state whether it should be tried jury or nonjury and why.

**RESPONSE: Defendants request a jury trial on all issues so triable. Plaintiff has also demanded a jury trial.**

(C) State whether the party submitting these responses is a publicly owned company and separately identify (1) any parent corporation and any publicly held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly owned company of which it is a parent; and (3) each publicly owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**RESPONSE: Defendant Sizemore is an individual. Defendant New Prime is a privately held corporation. New Prime has no parent corporation, and no publicly held corporation owns ten percent (10%) or more of its stock. New Prime is not the parent of any publicly owned company and does not own ten percent (10%) or more of the outstanding shares of any publicly owned company.**

(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). See Local Civ. Rule 3.01 (D.S.C.).

**RESPONSE: This action was removed from the Court of Common Pleas for Colleton County, South Carolina, which lies within the Charleston Division. 28 U.S.C. § 121(1). Plaintiff alleges that the events giving rise to his claims occurred on Interstate 95 in Colleton County. Assignment to the Charleston Division is therefore proper under Local Civ. Rule 3.01(A)(1) (D.S.C.).**

(E) Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**RESPONSE: None known to Defendants.**

(F) [Defendants only.] If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**RESPONSE: Not applicable.**

(G) [Defendants only.] If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

**RESPONSE: At this time, Defendants do not contend that any person or legal entity not a party to this action is liable to Plaintiff or Defendants. Defendants have, however, asserted that Plaintiff's own negligence caused or contributed to his alleged injuries. Investigation is ongoing, and Defendants reserve the right to supplement this response.**

(H) Parties or Intervenors in a Diversity Case. In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**RESPONSE: Defendant New Prime Inc. is a corporation organized under the laws of the State of Nebraska with its principal place of business in Missouri. Its corporate headquarters is located at 2740 North Mayfair Avenue, Springfield, Missouri 65803. Defendant Brenden Adam Sizemore is a citizen and resident of the State of Oklahoma.**

[SIGNATURE ON THE FOLLOWING PAGE]

November 10, 2026

Respectfully submitted,

s/ C. Fredric Marcinak
C. Fredric Marcinak (Fed. Bar No. 9816)
Cole J. Goode (Fed. Bar No. 14191)
Moseley Marcinak Law Group LLP
PO Box 26148
Greenville, South Carolina 29616
(864) 248-6025
(864) 248-6035 (Fax)
Fred.Marcinak@momarlaw.com
Cole.Goode@momarlaw.com
*Attorneys for Defendants Brenden Adam Sizemore and New Prime Inc.*