IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MICHAEL IHEANACHO,<br><br>Plaintiff,<br><br>vs.<br><br>BRENDEN ADAM SIZEMORE AND NEW PRIME INC.,<br><br>Defendants. | **C.A. No. 2:26-cv-05580-BHH**<br><br>**ANSWER** |

Defendants Brenden Adam Sizemore and New Prime Inc. (hereinafter collectively "Defendants"), responding to the Complaint of the Plaintiff, would respectfully show unto the Court the following. All allegations of the Complaint not specifically admitted are denied.

**FOR A FIRST DEFENSE**

1. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding Plaintiff's residence and citizenship contained in Paragraph 1, and therefore must deny the same and demand proof thereof. Defendants deny all remaining allegations contained in Paragraph 1 and demand proof thereof.

2. Responding to Paragraph 2, Defendants admit that Defendant Sizemore was operating the commercial motor vehicle involved in the subject collision and, upon information and belief, admit that Defendant Sizemore is a resident and citizen of the State of Oklahoma. Defendants deny all remaining allegations contained in Paragraph 2 and demand proof thereof.

3. Defendants admit the allegations contained in Paragraph 3.

4. Paragraph 4 is admitted to the extent that Defendant Sizemore was operating a vehicle within the course and scope of his statutory employment/agency with Defendant New Prime Inc. at the time of the subject collision. The remaining allegations are denied.

5. Responding to Paragraph 5, Defendants admit that on February 13, 2026, Defendant New Prime Inc. was a for-hire motor carrier operating in interstate commerce and that the commercial motor vehicle involved in the subject collision was being operated by Defendant Sizemore. Defendants deny facts in addition to or inconsistent with this admission.

6. Inasmuch as the allegations contained in Paragraphs 6 are jurisdictional in nature, Defendants neither admit nor deny the same but demand strict proof thereof. Defendants further state that this action has been removed to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7. Inasmuch as the allegations contained in Paragraphs 7 are jurisdictional in nature, Defendants neither admit nor deny the same but demand strict proof thereof. Defendants further state that this action has been removed to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

8. Defendants admit the allegations contained in Paragraph 8.

9. Upon information and belief, Defendants admit the allegations contained in Paragraph 9.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and therefore must deny the same and demand proof thereof.

11. Responding to Paragraph 11, Defendants admit that a collision occurred on the date and at the location referenced in the Complaint between the commercial motor vehicle operated

by Defendant Sizemore and a vehicle occupied by Plaintiff. Defendants deny all remaining allegations and characterizations contained in Paragraph 11 and demand proof thereof.

12. Defendants deny the allegations contained in Paragraph 12 and demand proof thereof.

13. In response to Paragraph 13, Defendants incorporate their responses to the previous paragraphs as if fully set forth herein.

14. Paragraph 14 is a statement of law requiring neither an admission nor denial. Subject to this response, but to the extent that the paragraph can be interpreted to contain allegations of fact, Defendants admit that Defendant Sizemore was subject to all duties imposed by applicable law. Defendants deny all remaining allegations of Paragraph 14 and demand proof thereof.

15. Defendants deny the allegations contained in Paragraph 15 and demand proof thereof.

16. Defendants deny the allegations contained in Paragraph 16 and demand proof thereof.

17. Defendants deny the allegations contained in Paragraph 17, including all subparts, and demand proof thereof.

18. Defendants deny the allegations contained in Paragraph 18 and demand proof thereof.

19. Defendants deny the allegations contained in Paragraph 19 and demand proof thereof.

20. In response to Paragraph 20, Defendants incorporate their responses to the previous paragraphs as if fully set forth herein.

21. Paragraph 21 is a statement of law requiring neither an admission nor denial. Subject to this response, but to the extent that the paragraph can be interpreted to contain allegations of fact, Defendants admit that Defendant Sizemore was subject to all duties imposed by applicable law. Defendants deny all remaining allegations of Paragraph 21, including all subparts, and demand proof thereof.

22. Defendants deny the allegations contained in Paragraph 22, including all subparts, and demand proof thereof.

23. Defendants deny the allegations contained in Paragraph 23 and demand proof thereof.

24. Defendants deny the allegations contained in Paragraph 24, including all subparts, and demand proof thereof.

25. Defendants deny the allegations contained in Paragraph 25 and demand proof thereof.

26. Defendants deny the allegations contained in Paragraph 26 and demand proof thereof.

27. In response to Paragraph 27, Defendants incorporate their responses to the previous paragraphs as if fully set forth herein.

28. Paragraph 28 is admitted to the extent that Defendant Sizemore was operating a vehicle within the course and scope of his statutory employment/agency with Defendant New Prime Inc. at the time of the subject collision. Defendants deny facts in addition to or inconsistent with the qualified admission.

29. Paragraph 29 is a statement of law requiring neither an admission nor denial. Subject to this response, but to the extent that the paragraph can be interpreted to contain

allegations of fact, Defendants admit that Defendant Sizemore was a statutory employee/agent of Defendant New Prime Inc. at the time of the collision forming the basis of this suit and that Defendant Sizemore was acting within the course and scope of his statutory employment/agency. Defendants deny that Defendant Sizemore acted negligently, carelessly, recklessly, willfully, wantonly, or with gross negligence, and deny all remaining allegations of Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30 and demand proof thereof.

31. In response to Paragraph 31, Defendants incorporate their responses to the previous paragraphs as if fully set forth herein.

32. Defendants deny the allegations contained in Paragraph 32, including all subparts, and demand proof thereof.

33. Defendants deny the allegations contained in Paragraph 33 and demand proof thereof.

34. Defendants deny the allegations contained in Paragraph 34 and demand proof thereof.

35. Defendants deny the allegations contained in Paragraph 35 and demand proof thereof.

36. Defendants deny the allegations contained in Paragraph 36 and demand proof thereof.

37. In response to Paragraph 37, Defendants incorporate their responses to the previous paragraphs as if fully set forth herein.

38. Paragraph 38 is an alternative allegation to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 38 and reaffirm their responses to Paragraphs 4 and 28.

39. Paragraph 39 contains statements of law requiring neither an admission nor denial. To the extent that these paragraphs can be interpreted to contain allegations of fact, Defendants deny the same and demand proof thereof.

40. Paragraph 40 contains statements of law requiring neither an admission nor denial. To the extent that these paragraphs can be interpreted to contain allegations of fact, Defendants deny the same and demand proof thereof.

41. Defendants deny the allegations contained in Paragraph 41 and demand proof thereof.

42. Defendants deny the allegations contained in Paragraph 42 and demand proof thereof.

43. Defendants deny the allegations contained in Paragraph 43 and demand proof thereof.

44. Defendants deny the allegations contained in Paragraph 44 and demand proof thereof.

45. Defendants deny Plaintiff's prayer for relief and demand proof thereof.

46. Defendants request a trial by jury.

**FOR A SECOND DEFENSE**
**(Punitive Damages – State Constitution)**

47. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

48. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the State of South Carolina for the following reasons:

a. Any award of punitive damages violates the prohibition against excessive fines found in Article I, § 15 of the Constitution of the State of South Carolina.

b. Any award of punitive damages violates the guarantee of due process found in Article I, § 3 of the Constitution of the State of South Carolina because of the lack of objective guidelines upon which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

c. Any award of punitive damages violates the guarantee of due process found in Article I, § 3 of the Constitution of the State of South Carolina to the extent said punitive damages are disproportionate to the compensatory damages awarded, if any, and/or in excess of a single digit ratio.

**<u>FOR A THIRD DEFENSE</u>**
**(Punitive Damages – Federal Constitution)**

49. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

50. Any award of punitive damages against Defendants will violate rights guaranteed by the Constitution of the United States for the following reasons:

a. Any award of punitive damages violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to the States by way of the due process clause of the Fourteenth Amendment to the Constitution of the United States.

b. Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack

of objective guidelines on which a jury might base its award; and, further, that such guidelines as do exist are arbitrary and void for vagueness.

c. Any award of punitive damages violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States to the extent said punitive damages are disproportionate to the compensatory damages awarded, if any, and/or in excess of a single digit ratio.

**FOR A FOURTH DEFENSE**
**(Unconstitutionality of Claim for Pain and Suffering under S.C. Constitution)**

51. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

52. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed to Defendants by the Constitution of South Carolina for the following reasons:

a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in Article I, § 15 of the Constitution of South Carolina because such awards do not bear a reasonable relationship to the compensatory damages.

b. Any award of damages for pain and suffering violates the guarantee of due process found in Article I, § 3 of the Constitution of South Carolina because of the lack of objective guidelines, rational factors, and defined limits on which a jury might base its award, and further, that such guidelines, factors, or limits as do exist are arbitrary and void for vagueness.

**<u>FOR A FIFTH DEFENSE</u>**
**(Unconstitutionality of Claim for Pain and Suffering under U.S. Constitution)**

53. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

54. Any award of damages for pain and suffering against Defendants will violate the rights guaranteed to Defendants by the Constitution of the United States for the following reasons:

a. Any award of damages for pain and suffering violates the prohibition against excessive fines found in the Eighth Amendment to the Constitution of the United States as applied to the states by way of the due process clause of the Fourteenth Amendment of the Constitution of the United States because such awards do not bear a reasonable relationship to the compensatory damages.

b. Any award of damages for pain and suffering violates the guarantee of due process found in the Fourteenth Amendment to the Constitution of the United States because of the lack of objective guidelines, rational factors, and defined limits on which a jury might base its award, and further that such guidelines, factors, or limits that do exist are arbitrary and void for vagueness.

**<u>FOR A SIXTH DEFENSE</u>**
**(Reservation of Rights)**

55. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

56. Defendants have not had an opportunity to conduct a sufficient investigation or engage in adequate discovery about the allegations of this lawsuit. Defendants give notice of the intent to assert any further affirmative defenses that any investigation supports, including, but not limited to, defenses that the action is barred in whole or in part by any applicable statute, contract,

release, covenant, or the doctrine of laches. Thus, Defendants reserve the right to amend this pleading to assert any such defenses.

**FOR A SEVENTH DEFENSE**
**(Dismissal or Bifurcation of Punitive Damages Claim)**

57. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

58. Plaintiff's claim for punitive damages against Defendants must be dismissed or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or grossly negligently. Alternatively, this claim must be bifurcated and considered only in a second phase at the trial after Defendants' liability has been determined. S.C. Code Ann. § 15-32-520.

**FOR AN EIGHTH DEFENSE**
**(Cap on Punitive Damages)**

59. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

60. Plaintiff's claim for punitive damages against Defendants must be dismissed or judgment entered in Defendants' favor, inasmuch as there is no evidence that Defendants acted willfully, wantonly, recklessly, or grossly negligently. Alternatively, any award of punitive damages must be limited and/or capped according to S.C. Code Ann. § 15-32-530.

**FOR A NINTH DEFENSE**
**(Lack of Proximate Cause)**

61. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

62. All or a portion of the damages Plaintiff is claiming in this case were not proximately caused by the subject motor vehicle collision, and this defense of lack of proximate cause is pled as a complete and total defense to Plaintiff's claims.

**FOR A TENTH DEFENSE**
**(Failure to Mitigate Damages)**

63. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

64. If discovery in this action reveals that Plaintiff failed to mitigate his damages, or that his damages were increased by any failure to follow the care, treatment, or instructions of any health care providers who administered any care, evaluation, or treatment to him, or who gave him instructions regarding such, then Defendants plead any such failure to mitigate his damages in full or partial bar of the claims of Plaintiff.

**FOR AN ELEVENTH DEFENSE**
**(Comparative Negligence of Plaintiff as Bar)**

65. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

66. If discovery in this action reveals that Plaintiff's negligence caused or contributed to the collision or his alleged injuries, then such negligence is specifically pled in bar to any recovery by Plaintiff. Such negligence may include, but is not limited to, the following particulars:

a. In failing to position his vehicle as far from the traveled portion of the roadway as was practicable;
b. In failing to activate his vehicle's hazard warning lamps or otherwise warn approaching traffic of his disabled vehicle;

c. In failing to remove his vehicle from the shoulder of the interstate and to a place of safety;

d. In remaining in or about his disabled vehicle in a position of known danger;

e. In failing to keep a proper lookout and failing to take any evasive action to protect himself;

f. In failing to act as a reasonable and prudent person would have under the same or similar circumstances; and

g. For such other and further particulars as may be brought forth during discovery and trial;

all of which are violations of the statutory and common laws of the State of South Carolina. If discovery reveals that Plaintiff's negligence was a greater than fifty (50%) percent proximate cause of his alleged injuries, then this defense of comparative negligence is asserted as a complete and total bar to Plaintiff's claims.

**FOR A TWELFTH DEFENSE**
**(Comparative Negligence of Plaintiff as Offset)**

67. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

68. In the alternative, in the event the negligence of Defendants was a greater than 50% cause of the alleged incident and Plaintiff's injuries and damages, which is denied, Defendants are entitled to a reduction of any amount awarded to Plaintiff in an amount proportional to Plaintiff's percentage of negligence.

**FOR A THIRTEENTH DEFENSE**
**(Payment and Set-Off)**

69. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

70. Upon information and belief, Plaintiff was not the owner of the vehicle he occupied at the time of the subject collision, and the property damage claim for that vehicle, along with related towing and storage charges, has been resolved and paid by or on behalf of Defendants. Plaintiff is therefore not entitled to recover for damage to that vehicle, and Defendants are entitled to a set-off or credit for any amounts paid to or for the benefit of Plaintiff or the vehicle owner arising out of the subject collision.

**FOR A FOURTEENTH DEFENSE**
**(Negligence of Other Party)**

71. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

72. If discovery in this action reveals that Plaintiff's alleged injuries were directly and proximately caused by a party other than Defendants, then Defendants cannot be held liable for the negligence of others, and this defense is pled in full or partial bar of Plaintiff's claims.

**FOR A FIFTEENTH DEFENSE**
**(Failure to State a Claim)**

73. Defendants reiterate and reallege the above paragraphs as if set forth herein verbatim.

74. Plaintiff's alleged causes of action, including but not limited to Plaintiff's Fifth Cause of Action for negligent selection of an independent contractor, fail to state a claim against

Defendants upon which relief may be granted, and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FOR A SIXTEENTH DEFENSE**
**(Reliance on Other Defenses)**

75. Defendants restate and reallege their responses to the preceding paragraphs herein as if fully repeated verbatim.

76. Defendants hereby give notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend their Answer to assert any such defenses.

WHEREFORE, having set forth the Answer to Plaintiff's Complaint, Defendants Brendan Adam Sizemore and New Prime Inc. pray for the matter to be dismissed, for the costs of this action, and for such other and further relief as this Court deems necessary, just, and proper.

Respectfully submitted,

s/ C. Fredric Marcinak

C. Fredric Marcinak, III (Fed Bar #9816)
Cole J. Goode (Fed Bar #14191)
Moseley Marcinak Law Group LLP
4324 Wade Hampton Blvd., Suite B
Taylors, SC 29687
PO Box 26148, Greenville, S 29616
(864) 248-6025 (864) 248-6035 (Fax)
Fred.Marcinak@momarlaw.com
Cole.Goode@momarlaw.com
*Attorneys for Defendants*

November 16, 2026